IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **SERGIO J. LOPEZ JUAREZ,** | * |
| Plaintiff, | * |
| v. | * Case No.: 8:20CV-1508-PWG |
| **A.M.C. CONSTRUCTION, LLC, et al.,** | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On June 5, 2020, Plaintiff Sergio J. Lopez Juarez, filed suit against Defendants A.M.C. Construction, LLC ("AMC"), and Aureliano Lopez Cabrera for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq*.; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §3-501, *et seq*. Compl., ECF No. 1. The Defendants did not answer the Complaint or otherwise defend against the suit. Mr. Juarez subsequently filed a Motion for Clerk's Entry of Default, ECF No. 6, which was granted, ECF No. 7, and a Motion for Default Judgment, Mot., ECF No. 9. The Defendants did not respond to the Entry of Default or to the Motion for Default Judgement, and the time for doing so has long passed. *See* Loc. R. 105.2(a) (D. Md. 2021). l have reviewed the filings and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Mr. Juarez's motion shall be GRANTED in part and DENIED in part.

## BACKGROUND

Mr. Juarez is an adult resident of Maryland who worked as a construction laborer for the Defendants. Mr. Juarez alleges that he was the Defendants' employee within the meaning of 29 U.S.C. § 203 (e)(1) and under Maryland law. Compl. ¶¶ 4,7. The Defendants, in turn, were Mr. Juarez's employer as defined by 29 U.S.C. ¶ 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401 (b) and 3-501(b). Compl. ¶ 9.

Defendant AMC was a Maryland limited liability company operating a home remodeling business located at 8108 New Riggs Road, Hyattsville, Maryland ("the Business"). Compl. ¶ 5. Defendant Lopez is an adult resident of Maryland, the owner of AMC, and prior to October 1, 2019, the sole proprietor of the Business. *Id.* ¶ 6. In this capacity, Ms. Lopez controlled the day-to-day operations for the Business. *Id.* ¶ 6.

Mr. Juarez was employed by AMC from around July 18, 2019, until November 9, 2019. Compl. ¶ 10. Mr. Juarez's rate was $17.50 per hour, and he regularly exceeded 40 hours per work week. *Id.* ¶ 11-12. Mr. Juarez alleges that he was never paid at the required overtime rate of 1.5 times his hourly rate during his employment with Defendants and that that he was not paid at all for the last three weeks of his employment. *Id.* ¶ 13-14.

Mr. Juarez filed this three-count action against his former employers on June 5, 2020. *Id.* In it, Mr. Juarez seeks to recover his unpaid wages, plus damages, attorneys' fees, and other fees and expenses. *Id.* The Defendants were served on June 9, 2022. *See* ECF Nos. 4 & 5, Executed Summons. The Defendants failed to respond to Mr. Juarez's Complaint, and the Clerk entered an Order of Default on November 24, 2020. Mr. Juarez now asks this Court to enter default judgment in his favor in the amount of $18,067.00. Mot. at 2. He specifically seeks $4,585.00 in unpaid

wages, $9,170.00 in statutory damages, $3,797.00 in attorneys' fees, and $515.00 in fees and expenses. *Id.* at 2.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

**DISCUSSION**

A.  **Liability**

Mr. Juarez seeks default judgment with respect to an undercompensated overtime and unpaid wages claim under the FLSA, MWHL, and MWPCL. Employers must pay their employees overtime wages of one-and-one-half times the employee's regular hourly wage for every hour worked over 40 hours under both the FLSA and MWHL. 29 U.S.C. § 207(a)(1); Md. Code, Lab. & Empl. Art., §§ 3-415(a), 3-420(a). Under the MWPCL, employers must pay employees all wages owed for work performed prior to termination, where "wages" includes overtime payments. Md. Code, Lab. & Empl. Art. §§ 3-501(c), 3-505. Taking the allegations of Mr. Juarez's well-pleaded Complaint as true, AMC and Ms. Lopez were Mr. Juarez's employers within the meaning of the FLSA, MWHL, and MWPCL. Compl. 9; *see also* Juarez Decl. ¶ 3, ECF No. 9-2.

An employee bears "the burden of establishing the hours he claims to have worked." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005). However, if the defendant employer does not produce time sheets, the employee may prove hours worked by "'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516–17 (2014)). Thus, "'[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked ….'" *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *4 (D. Md. Feb. 27, 2012) (quoting *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982)).

Mr. Juarez submitted with his Motion a Declaration stating that his schedule varied from week to week, but that he worked around 53 hours per week on average. Juarez Decl. ¶ 4. Mr. Juarez declares that he was never paid overtime at the rate of one and one-half times his pay for all hours in excess of forty worked in a single one-week period. *Id.* ¶ 6. Mr. Juarez also declares that he was not paid at all for the last three weeks of his employment with the Defendants, during which he worked 51 hours, 43 hours, and 61 hours respectively. Juarez Decl. 7; *see also* Compl. 14. Consistent with his Declaration, Mr. Juarez also filed as an Exhibit to his Motion an Excel spreadsheet documenting by week his estimated hours worked, the wages he was paid for each week, and the wages he is owed for each week.

I conclude that, through his Complaint and Declaration, Mr. Juarez has established Defendants' liability for violating the FLSA, MWHL, and MWPCL.

**B.     Damages**

The FLSA and the MWPCL both provide that prevailing plaintiffs may recover unpaid wages, including unpaid overtime, plus an additional amount in damages. 29 U.S.C. § 216(b); MWPCL § 3-507. Under the FLSA, a plaintiff may recover his unpaid wages, plus "an additional equal amount as liquidated damages," and under the MWPCL, he may recover "an amount not exceeding 3 times the wage." *Id.* Because Mr. Juarez may not recover twice for the same harm, I assess his claim under the statute that offers the greatest potential recovery, which is the MWPCL. *Mata*, 2015 WL 6674650 at *4.

A plaintiff may recover "an amount not exceeding 3 times the [unpaid] wage[s]" only if the wages were not withheld as the result of a "bona fide dispute." MWPCL § 3-507(b)(1). A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is owing [ ]' where the employer has a good faith basis for refusing an employee's claim for unpaid

5

wages." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 627 (Md. 2014) (quoting *Admiral Mortg., Inc. v. Cooper,* 745 A.2d 1026, 1031 (Md. 2000)). The court is "required to make a predicate finding as to whether the wages were withheld pursuant to a bona fide dispute . . . . before proceeding to the question of enhanced damages." *Id.* at 626. However, the "burden of production with respect to showing a bona fide dispute" falls on the employer. *See id.* at 627–28. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 796 (D. Md. 2010) (quoting Md. Code, Lab. & Empl. § 3–507.2(b)).[1] Here, because the Defendants failed to dispute Mr. Juarez's allegation that his wages were not withheld as a result of a bona fide dispute, I will consider whether to award enhanced damages. *See* Compl. ¶ 25.

Mr. Juarez seeks payment for 120 hours of straight-time work, 34 hours of unpaid overtime, and 182 hours of undercompensated overtime for a total payment of $4,585.00. Pl.'s Mem. 3, ECF No. 9-1. To calculate damages for unpaid regular time, "the Court takes the hours worked without compensation and multiplies that figure by the employee's base hourly rate." *Mata*, 2015 WL 6674650 at *5. To calculate damages for unpaid overtime, the Court multiplies the unpaid hours worked in excess of 40 hours weekly, and multiplies that by 1.5. *Id.* Finally, for undercompensated overtime, "the Court takes the undercompensated hours and multiplies that figure by one-half the employee's base hourly rate, the difference between the mandated overtime rate and the employee's regular rate." *Id*. The table below confirms that Mr. Juarez's calculation of the amount of unpaid wages owed by AMC is correct:

| Description of Payment | Number of Hours | Rate of Pay | Total |
|---|---|---|---|
| Unpaid Regular Time | 120 | $17.50 | $2,100.00 |
| Unpaid Overtime | 34 | $26.25 | $892.50 |

---

[1] The *Monge* Court quotes from § 3–507.2(b) but cited § 3–507.1(b) in the opinion.

| Unpaid Overtime Back Pay | 182 | $8.75 | $1,592.50 |
|---|---|---|---|
| **TOTAL OWED** | | | **$4,585.00** |

I consider next whether to award Mr. Juarez enhanced under the MWPCL. The MWPCL authorizes a maximum total award of three times the amount of wages owed. MWPCL § 3-507(b)(1).

"[A]n employee is not presumptively entitled to enhanced damages," and the Court "has the discretion to decline any award of enhanced damages, notwithstanding a finding that there was no bona fide dispute." *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 630 (Md. 2014) (discussing the trier of fact's discretion). In determining whether to award enhanced damages, the Court may consider "'significant consequences' of being underpaid, such as 'being unable to meet . . . weekly or monthly obligations, ranging from embarrassment, to late charges, to repossessions, eviction, and, if the employee is responsible for child support, the prospect of coercive court proceedings and the loss of various licenses and privileges.'" *Mata*, 2015 WL 6674650 at *5 (quoting *Admiral Mortg. Inc. v. Cooper*, 745 A.2d 1026, 1034 (Md. 2000)).

Mr. Juarez notes the hardship he endured by not being paid anything for three weeks. Juarez Decl. ¶ 7-8. He was unable to pay rent and had to borrow funds to cover his expenses. *Id.* ¶ 8. However, Mr. Juarez has not provided any evidence of consequential damages. This Court has previously found that wages should be doubled, rather than tripled, in default judgment cases where the plaintiffs proffered no evidence of consequential damages. *See Monge*, 751 F. Supp. 2d at 799–800; *Lopez v. Lawns 'R' Us*, No. DKC 07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008). I likewise find that it is appropriate to double Mr. Juarez's unpaid wages of $4,585.00

here rather than to triple them. I therefore award Mr. Juarez $4,585 in unpaid wages, plus an additional $4,585 in enhanced damages under the MWPCL.

### C. Attorney's Fees and Costs

The MWPCL provides that a prevailing plaintiff may be awarded "reasonable counsel fees and other costs" when wages were not withheld as a result of a bona fide dispute. Md. Code, Lab. & Empl. § 3-507.2(b). Mr. Juarez's Counsel has submitted a declaration that includes a detailed accounting of the attorney's fees and costs incurred. Kurzyna Decl. ¶¶ 13-15, ECF. No. 9-4; *see also* Billing Report 1-2, ECF. No. 9-5.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008). In assessing reasonableness, the Fourth Circuit has instructed district courts to consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Applying the lodestar method, I find that the fees incurred in this action are reasonable. Mr. Juarez's Counsel's Declaration includes a summary chart record of fees and costs. *See* Kurzyna Decl. ¶¶ 14-15; Billing Report 1-2. Although contemporaneous time records are

preferred, a summary chart can be sufficient if it includes enough information to determine the reasonableness of the fees. *Beyond Sys., Inc. v. World Ave. USA, LLC,* No. CIV.A. PJM-08-921, 2011 WL 3419565, at *6 (D. Md. Aug. 1, 2011) (citing *CoStar Grp., Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780, 788 (D. Md. 2000)). The Declaration indicates that Mr. Juarez's Counsel billed a total of 10.1 hours on this litigation and that three of his firm's paralegals, collectively billed a total of 1.5 hours on this litigation. *See* Kurzyna Decl. ¶ 14; Billing Report 1-2. The summary chart does not reflect any redundant, excessive, or unnecessary work. Mr. Juarez's Counsel has been practicing law for over 15 years and is experienced in wage and hour litigation. Kurzyna Decl. ¶¶ 3–10. His hourly rate of $395 falls within the range of reasonable hourly rates provided in Appendix B to the Local Rules. *See* Loc. R. App. B. (D. Md. 2021), "Rules and Guidelines Determining Lodestar Attorneys' Fees."

Accordingly, I find that the fee award sought is reasonable and the request for fees is granted.

Mr. Juarez also seeks to recover the $515 in costs incurred for the filing fee and the cost of service of process. *Id.* at ¶ 15. "Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.,* No. DKC 12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citing *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988)). The docket reflects that Mr. Juarez paid the $400.00 filing fee, which he is entitled to recover. *See Nat'l Elec. Ben. Fund v. AC-DC Elec., Inc.,* No. CIV.A. DKC 11-0893, 2011 WL 6153022, at *4 (D. Md. Dec. 9, 2011). Mr. Juarez also provide documentation to support the $75 and $40 process service fees. *See* Kurzyna Decl. ¶

15; Summons to AMC 2; Summons to Lopez 2. I find that these fees are reasonable and shall be awarded in full.

## CONCLUSION

For the reasons identified in the foregoing Memorandum Opinion, Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART.

## **ORDER**

For the foregoing reasons, it is, this 22nd day of August 2022, ORDERED:

1. Plaintiff's Motion for Default Judgment, ECF No. 9, is GRANTED IN PART and DENIED IN PART.

    a. Mr. Juarez's request for enhanced damages in the amount of $9,170.00 is DENIED;

    b. Mr. Juarez will instead be awarded enhanced damages in the amount of $4,585.00;

    c. The balance of Mr. Juarez's Motion is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 58, Judgment by default is hereby ENTERED in favor of Plaintiff Sergio J. Lopez Juarez and against Defendants A.M.C Construction, LLC, and Aureliano Lopez Cabrera as follows:

    a. Plaintiff is awarded $4,585.00 in unpaid wages;

    b. Plaintiff is awarded $4,585.00 in enhanced damages;

    c. Plaintiff is awarded attorneys' fees of $3,797.00 incurred in this case; and

    d. Plaintiff is awarded costs of $515.00.

3. The Clerk is directed to CLOSE this case.

Date: August 22, 2022

_____/S/_____
Paul W. Grimm
United States District Judge